UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2552 FMO (MRWx) | Date | June 30, 2015 |
|---|---|---|---|
| Title | Fred D. Dorton v. NBG Properties, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motion

On June 22, 2015, plaintiff Fred D. Dorton ("Dorton") filed a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). (See Plaintiff Fred D. Dorton's Voluntary Dismissal Without Prejudice Pursuant tp FRCP, Rule 41(a)(1)(i)). Dorton's complaint asserted a single claim against defendant NBG Properties, LLC ("NBG" or "defendant") for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq. (See First Amended Complaint ("FAC") at ¶¶ 26-64). On the same date, NBG filed a Supplemental Brief in Response to Plaintiff's Voluntary Dismissal with Defendant's Anti-SLAPP Motion Pending ("Supp. Br."), contending that the "dismissal does not relieve the Plaintiff of potential liability for attorney's fees with respect to a pending Anti-SLAPP motion." (Supp. Br. at 1). Because Dorton failed to file an opposition to NBG's pending Special Motion to Strike the Petition Pursuant to C.C.P. § 425.16 ("Anti-SLAPP Mot."), NBG contends it is entitled to attorney's fees and costs, (see Supp. Br. at 1), and requests an order permitting it to file a motion for such fees and costs. (See id. at 3).

California's anti-SLAPP statute was enacted in response to a "disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). Under the anti-SLAPP statute, a defendant in a civil suit may bring a special motion, known as an "anti-SLAPP motion," to strike a claim that arises from "any act of [the defendant] in furtherance of [the defendant's] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue[.]"[1] Id. § 425.16(b)(1).

In its Anti-SLAPP Motion, NBG contends that the alleged conduct cannot support the RICO claim because it is "absolutely protected" by California Civil Code § 47 ("litigation privilege"), (see Anti-SLAPP Mot. at 1), and that the court "must apply" California's anti-SLAPP statute, Cal. Code Civ. P.§ 425.16 ("Anti-Slapp Statute"). (See id. at 2). Notwithstanding Dorton's failure to file an

---

[1] "[A] special motion to strike and the attorneys' fee provision in California's anti-SLAPP statute . . . apply in federal court." Northon v. Rule, 637 F.3d 937, 938 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2552  FMO (MRWx) | Date | **June 30, 2015** |
|---|---|---|---|
| Title | **Fred D. Dorton v. NBG Properties, LLC, et al.** | | |

opposition to the Anti-SLAPP Motion, NBG is not entitled to relief under California's anti-SLAPP statute (Strategic Lawsuit Against Public Participation).   First, it is clear that California's litigation privilege does not apply to Dorton's RICO claim.  See William Villa v. Heller, 885 F.Supp.2d 1042, 1052 (S.D. Cal. 2012) ("RICO preempts the state litigation privilege."); Lauter v. Anoufrieva, 2010 WL 3504745, *11 (C.D. Cal. 2010) (denying motion to dismiss RICO claim based on California litigation privilege since RICO "is predicated on federal law and as such, is not governed by, and preempts California privilege law."); Oei v. N. Star Capital Acquisitions, LLC, 486 F.Supp.2d 1089, 1098 (C.D. Cal. 2006) ("[I]t it . . . well settled that the California litigation privilege does not apply to federal causes of action[.]").

Second, while the Ninth Circuit has not yet definitively decided whether California's anti-SLAPP statute applies to federal claims, lower federal courts in this Circuit have concluded that it does not.  See Globetrotter Software, Inc. v. Elan Computer Group, Inc., 63 F.Supp.2d 1127, 1130 (N.D. Cal. 1999) ("[T]he anti-SLAPP statute is not applicable to . . . federal claims[.]")[2]; In re Bah, 321 B.R. 41, 46 (9th Cir. BAP 2005)  ("We . . . agree with the Globetrotter court that the anti-SLAPP statue may not be applied to matters involving federal questions[.]"); Critical Care Diagnostics, Inc. v. American Ass'n for Clinical Chemistry, Inc., 2014 WL 2779789, *2 n. 2 (S.D. Cal. 2014) ("The anti-SLAPP statute may not be applied to matters involving federal questions."); Winters v. Jordon, (E.D. Cal. 2010) ("[A] party may not use an anti-SLAPP special motion to . . . seek the dismissal of claims based on federal law[.]"); see also Gardner v. Martino, 563 F.3d 981, 990 n.9 (9th Cir. 2009) (noting that the court in In re Bah held anti-SLAPP statute may not be applied in federal question cases, but distinguishing it on the grounds that the case being decided was a diversity case).  In short, the court is persuaded that the anti-SLAPP statute does not apply to federal claims, such as RICO.

Accordingly, NBG's request for attorney's fees and costs pursuant to the anti-SLAPP statute is without merit and its Anti-SLAPP Motion **(Document No. 27)** is **denied** as moot in light of the voluntary dismissal.  Pursuant to plaintiff's Notice of Voluntary Dismissal, the Clerk shall dismiss plaintiff's action without prejudice.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[2] Contrary to NBG's assertion that the Globetrotter case stands for the proposition that the anti-SLAPP statute applies to federal claims and RICO, (see Anti-SLAPP Mot. at 2 n. 1), the Globetrotter court explained that the statute does not apply to federal claims. See 63 F.Supp.2d at 1130.  Indeed, the language in Globetrotter that NBG quotes and relies upon indicates merely that the anti-SLAPP statute may be applied in federal court to state-law claims.  See id. at 1127 ("California's Anti-SLAPP provisions may be applied to pendant state law claims in federal question cases.") (emphasis added); (Anti-SLAPP Mot. at 2 n. 1).